IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 03-00176-6 JSW |
| v. | **AMENDED ORDER DENYING WITHOUT PREJUDICE MOTION TO ALTER OR AMEND JUDGMENT** |
| JEFFERSON CHAN | |
| Defendant. | |

On November 20, 2006, this Court a letter the Defendant requesting that the Court either waive the restitution imposed as part of his sentence or defer payment until he is released from custody. In his motion, Defendant asks the Court to either "reconsider the fine imposed and grant [him] a waiver or at least a reprieval [*sic*] until" his release.[1] Defendant also contends that he filed for bankruptcy protection in November 2005. The Government opposes the motion and asserts that Federal Rule of Criminal Procedure 35 does not permit the relief requested. The Government also opposes the motion on the grounds that Defendant's assertions regarding his financial difficulties are unsworn and unsupported. To date, the Court has not been advised either by the Government or by the Probation Office that the Defendant is delinquent on restitution payments or that he is in default.

Defendant, who is proceeding *pro se*, cites no legal authority in support of his motion. To the extent he relies on Rule 35(a), that rule permits a court to "correct a sentence that resulted from arithmetical, technical or other clear error," within seven days after sentencing.

---

[1] The "fine" appears to refer to the joint and several restitution of $42,200, which Defendant was required to pay in $200 monthly installments. (*See* Amended Judgment dated February 25, 2005; Plea Agreement.)

Rule 35(b) pertains to reducing a sentence based upon a defendant's cooperation. As such, the Government is correct that Rule 35 cannot afford Defendant with the relief he seeks. *See United States v. Morales*, 328 F.3d 1202, 1204 (9th Cir. 2003).

18 U.S.C. § 3614 gives a court authority to "'resentence the defendant to any sentence which might have originally been imposed' if the defendant 'knowingly fails to pay a delinquent fine or restitution.'" *Morales*, 328 F.3d at 1204 (quoting 18 U.S.C. § 3614(a).) At this time, however, there is no evidence before the Court that Defendant is, in fact, delinquent on his payments. As such, section 3614 cannot provide Defendant relief at this time. In addition, the Court cannot modify the sentence by way of 18 U.S.C. § 3853, which pertains to modifying conditions of release, because the restitution payments were imposed as part of his sentence. *See Morales*, 328 F.3d at 1204-05.

18 U.S.C. § 3664, which governs the procedures for the issuance and enforcement of restitution orders, provides in relevant part that a "defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). The provision also provides that the Attorney General must "certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances." *Id.* Upon receipt of such notification, "the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id.*

Although section 3664(k) might, in the future, be a basis for the relief Defendant seeks, the Court concludes that it cannot rely on this provision to provide Defendant relief at this time. Even, if the Court were to accept the Defendant's letter as a notice of changed circumstances, the Court could not modify the restitution payments, because there is no certification that the victims have been notified of Defendant's alleged change in circumstances.

Accordingly, Defendant's motion to modify or amend the judgment to either waive restitution or defer payments is HEREBY DENIED WITHOUT PREJUDICE to Defendant

1 providing further information to the Court regarding the contentions made with respect to his
2 financial condition.
3    The Court FURTHER ORDERS that the Clerk serve a copy of this Order on the United
4 States Probation Office, so that it may take any action it deems appropriate with respect to
5 Defendant's allegations of changed circumstances.
6    The Court FURTHER ORDERS that, if Defendant chooses to renew his motion with the
7 Court, he must serve a copy of such a motion and supporting documentation on the Office of the
8 United States Attorney, 450 Golden Gate Avenue, 11th Floor, San Francisco, CA 94102.

10 **IT IS SO ORDERED.**
11 Dated: March 22, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE